IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VARFLAY KANNEH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-4621 |
| | : | |
| JOHN RIFE, in his official capacity as ICE Field Office Director, et al. | : | |

**ORDER**

AND NOW, this 17th day of October, 2026, upon consideration of Petitioner Varflay Kanneh's Emergency Status Report and Motion for Interim Relief and Urgent Hearing (Dkt. No. 11), Kanneh's Motion for Temporary Restraining Order (Dkt. No. 13), the Government's Response (Dkt. No. 14), and the hearing held on October 15, 2026, it is hereby **ORDERED** the Motions (Dkt. Nos. 11, 13) are **DENIED**.[1]

---

[1] A court's authority to grant relief is limited by its jurisdiction, and in the context of disputes relating to immigration removal, federal jurisdiction is exceedingly narrow. 8 U.S.C. § 1252(g) strips courts of jurisdiction to review any "decision or action by the Attorney General to . . . execute removal orders against any alien." And under § 1252(b)(9), "any action taken . . . to remove an alien" must be challenged by way of a petition for review, not a petition for habeas corpus. *Tazu v. Attorney General United States*, 975 F.3d 292, 294 (3d Cir. 2020).

Pursuant to 8 U.S.C. § 1231(a), immigration agents revoked Kanneh's supervision and arrested him on October 13, 2026. TRO Mot. 2, Dkt. No. 13. Kanneh now seeks a temporary restraining order enjoining the Government from carrying out his removal. As the Government argues, that relief is foreclosed by the Third Circuit's decision in *Tazu*, 975 F.3d at 298–99. In that case, a noncitizen who was redetained for removal subsequently challenged the revocation of his supervision because the Government failed to provide him notice and an interview. *Id.* at 298. The Third Circuit held that, under § 1252(g) and (b)(9), the district court lacked jurisdiction to review his challenge. *Id.* "Tazu's challenge to his short re-detention for removal attacks a key part of executing his removal order." *Id.* "[W]hether we analyze it under § 1252(g) or § 1252(b)(9), the outcome is the same: the District Court lacked jurisdiction to hear it." *Id.* at 299.

The notice of revocation provided to Kanneh indicates Immigration and Customs Enforcement has obtained a travel document for him and scheduled his removal to take place no later than October 21, 2026. Gov't Resp. Ex. 3, Dkt. No. 14. "[A] brief door-to-plane detention is integral to the act of 'execut[ing] [a] removal order[].'" *Tazu*, 975 F.3d at 298.

And Kanneh has not meaningfully challenged the Government's compliance with its revocation procedures, likely because of the sudden and frenzied manner in which the Government redetained him, so the Court lacks a clear basis to determine that redetention is unlawful and warrants release. *See, e.g.*, *Hashemi v. Noem*, 809 F. Supp. 3d 1027, 1036 (C.D. Cal. Nov. 19, 2025) (granting

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

noncitizen's preliminary injunction following expedited briefing and oral argument on the motion, because the noncitizen was denied access to his legal team during the required informal interview); *Saeteun v. Albarran*, No. 26-cv-04743, 2026 WL 1454304, *4–5 (N.D. Cal. May 22, 2026) (granting TRO and releasing noncitizen because, in the absence of counsel, noncitizen had no opportunity to respond to the revocation reasons in the informal interview); *Zhang v. Genalo*, 814 F. Supp. 3d 307, 328 (E.D.N.Y. 2025) (determining that noncitizen was not afforded the required informal interview based on inadequate evidence in the record). However tragic the result, the Court must abide by the jurisdictional limits set forth under the law. For that reason, and that reason alone, the motions are denied.